# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-40380
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MARIA IRACHETA-REYES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-1194-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Maria Iracheta-Reyes pleaded guilty to one count of illegal reentry into the United States and received a below-guidelines sentence of 48 months in prison as well as a three-year term of supervised release. In this appeal, he first argues that he was not properly informed of the maximum possible sentence for his offense and would not have pleaded guilty if he had been so informed. He notes that the magistrate judge explained the different possible

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

maximum sentences available based on his criminal history but complains that his plea was not truly informed because he did not know which specific scenario would apply to him.

We review this claim only for plain error due to Iracheta-Reyes's failure to present it to the district court. *See United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, we have the discretion to correct the error, but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Making a showing of plain error "is difficult, as it should be." *Id.* (internal quotation marks and citation omitted).

Federal Rule of Criminal Procedure 11(b)(1)(H) requires that a defendant who is pleading guilty be informed of "any maximum penalty, including imprisonment, fine, and term of supervised release." The magistrate judge complied with the plain language of the Rule. Additionally, there is nothing in the record to suggest that Iracheta-Reyes would have insisted on going to trial absent the alleged error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83, 85 (2004); *Vonn*, 535 U.S. at 74-75. Iracheta-Reyes has not shown plain error in connection with his Rule 11 colloquy.

Next, Iracheta-Reyes argues that his sentence is more harsh than needed to achieve the aims of 18 U.S.C. § 3553 and that both the nonviolent nature of his offense and his cultural assimilation warranted a lesser sentence. Sentences, whether inside or outside the advisory guidelines range, are reviewed for reasonableness in light of the § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51 (2007). When, as in this case, the district court has imposed a sentence that deviates from the guidelines range, reasonableness

review requires that we evaluate whether the sentence "unreasonably fails to reflect the statutory sentencing factors" set forth in § 3553(a). *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

A non-guidelines sentence unreasonably fails to reflect the statutory sentencing factors if the district court (1) did not account for a factor that should have been heavily weighted, (2) heavily weighted an unimportant or improper factor, or (3) made a clear error of judgment in weighing the sentencing factors. *Id.* at 708. We consider "the totality of the circumstances, including the extent of any variance from the Guidelines range," while affording "deference" to the district court's choice of sentence and keeping in mind that it may not reverse simply because it would have imposed a different sentence. *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008) (internal quotation marks and citation omitted).

The sentence imposed is not unreasonable. The record shows that the district court considered Iracheta-Reyes's arguments in favor of a below-guidelines sentence, granted this request, and found a 48-month sentence appropriate in light of the § 3553(a) factors. There is nothing to indicate that the district court's choice of sentence was grounded in disregard for an important factor, a disproportionate weighing of a factor that was not germane, or a clearly erroneous weighing of the sentencing factors. *See Smith*, 440 F.3d at 708. Rather, the record shows that the district court chose the sentence it felt most appropriate in light of the § 3553(a) factors. That Iracheta-Reyes thinks his sentence should have been lower does not mean that it is unreasonable. *Cf. Gall*, 552 U.S. at 51 (holding that a sentence is not unreasonable simply because the appellate court would have chosen a different sentence).

AFFIRMED.